IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT PATTERSON, JR., ) | |
|     Petitioner, ) | |
| v. ) | 3:09-CV-1677-L |
| ) | 3:07-CR-077-L |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### Procedural Background

On July 29, 2008, Petitioner pled guilty to one count of conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 371. On November 3, 2008, Petitioner was sentenced to forty-six months' imprisonment and three years of supervised release. Petitioner was ordered to pay restitution in the amount of $517,954.46. On April 30, 2009, the Fifth Circuit Court of Appeals dismissed Petitioner's appeal on the government's motion.

On September 9, 2009, Petitioner filed this motion pursuant to 28 U.S.C. § 2255. In addition to twelve claims that are waived by his guilty plea, he argues he received constitutionally ineffective assistance of counsel.

### Waiver of Twelve Claims

Petitioner claims that (1) Title 18 of the United States Code is unconstitutional; (2) the Court failed to establish that his crimes were committed in the Northern District of Texas; (3) the Court did not have territorial jurisdiction over him; (4) there was not a verified criminal complaint filed; (5) the Court violated the Separation of Powers Doctrine; (6) the Judge was not an Article III judge and, therefore, had no authority to sentence him; (7) the Judge was not independent; (8) his conviction was obtained by the use of a coerced confession; (9) Federal Rule of Criminal Procedure 6 is unconstitutional; (10) the government concealed evidence that would have proven him innocent; (11) the government violated the Classified Information Procedures Act; and (12) the Court lacked jurisdiction pursuant to 18 U.S.C. § 546.

### Analysis

All of these claims were waived when Petitioner pled guilty.

Petitioner's plea agreement states in pertinent part:

> Patterson waives these rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.
>
> Patterson, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(Plea Agreement, ¶ 11.) A defendant can waive his right to appeal and to file a § 2255 motion. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). At the rearraignment hearing, Petitioner testified that he understood he was waiving his right to appeal or otherwise challenge his conviction or sentence except for the limited circumstances included in the waiver. (Rearraignment Tr., p. 15.)

These claims were not excepted from Petitioner's waiver and should, therefore, be dismissed.

## Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

## Analysis

First, Petitioner claims that counsel allowed him to enter into a coerced guilty plea. However, Petitioner fails to cite any facts that show how his plea was coerced. Conclusory allegations are insufficient to prove claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See*

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents.  *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

Petitioner testified at rearraignment that no one had mentally, physically, or in any other way attempted to force him to plead guilty. (Rearraignment Tr., p. 13.)  Petitioner may not refute his sworn testimony here.  *See United States v. McCord*, 618 F.2d 389 (5th Cir. 1980)(a defendant will not ordinarily be allowed to refute sworn testimony.) This claim should be denied.

Next, Petitioner contends that counsel failed to investigate the Court's jurisdiction and the legal basis of his indictment.  A lawyer cannot have been deficient for declining to raise frivolous legal issues. *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).  Petitioner does not show that there was any valid basis upon which counsel could have challenged the Court's jurisdiction over him or his case or the legal basis for his indictment.  This claim of ineffective assistance of counsel fails.

Finally, Petitioner asserts that his counsel failed to file any motions, obtain discovery, or investigate any valid defenses. These claims are wholly conclusory and, therefore, insufficient to prove ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d at 282.  Petitioner fails to specify what motions counsel should have filed or how the filing of such motions would have changed the outcome of his case. Similarly, he fails to identify what discovery counsel failed to obtain or how the discovery would have benefitted him.  Finally, in the same conclusory fashion, he fails to state what defenses counsel should have investigated and, likewise, fails to show a

likelihood that any such defense would have been successful.

In sum, Petitioner fails to show deficient conduct or resulting prejudice with respect to any of his ineffective assistance of counsel claims. His claims of ineffective assistance of counsel should, consequently, be denied.

### **Recommendation**

The record conclusively shows that Petitioner is not entitled to relief. The Court recommends that Petitioner's motion filed pursuant to 28 U.S.C. § 2255 be denied.

Signed this 16th day of November, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).